| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-02615 SJO (MRWx)      **DATE:** June 11, 2013

**TITLE:** Emiliano Peraza v. Raushanah N. Najeeullah

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz      Not Present
Courtroom Clerk      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present      Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY** [Docket No. 1]; **DENYING AS MOOT RESPONDENT'S MOTION TO QUASH ARREST WARRANT** [Docket No. 5]

This matter is before the Court on Respondent Raushanah N. Najeeullah's ("Respondent") Notice of Removal ("Notice"), filed April 15, 2013. For the following reasons, the Court **REMANDS** this action to the Superior Court of Arizona in Maricopa County and **DENIES AS MOOT** Respondent's Motion to Quash Arrest Warrant.

I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On January 17, 2013, Petitioner Emiliano Peraza ("Petitioner"), representing himself *pro se*, filed a Petition to Enforce Child Support and Child Support Arrears ("Complaint") against Respondent in the Superior Court of Arizona in Maricopa County. (Notice Ex. B, at 1, ECF No. 1.) Petitioner is a Florida resident seeking $14,630.91 in alleged child support debt from Respondent, a California resident. (Notice Ex. B, at 1, 7.) Respondent, also appearing *pro se*, was served with the summons and Complaint on or about March 13, 2013. (Notice ¶ 2.)

On April 15, 2013, Respondent removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1443, and 1446. (Notice ¶¶ 4-5, 14, 16.) To support removal under § 1443, Respondent alleges that "Petitioner is a citizen of Venezuela illegally residing in the United States" and contends that Petitioner's action should have been raised in federal court. (Notice ¶¶ 15-16.)

II.      <u>DISCUSSION</u>

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant

CASE NO.: CV 13-02615 SJO (MRWx)          DATE: June 11, 2013

always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

    A.    <u>*Sua Sponte* Challenge to Subject Matter Jurisdiction</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has noted that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). This Court finds it appropriate to determine whether jurisdiction exists in this case.

    B.    <u>Amount in Controversy Requirement</u>

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. In order for diversity jurisdiction to exist, no plaintiff can be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.*

The diversity of citizenship between Petitioner and Respondent is not disputed. Although Respondent alleges that Petitioner is a Venezuelan citizen illegally residing in the United States, Petitioner nevertheless resides in Florida while Respondent resides in California. Thus, the sole removal issue under 28 U.S.C. § 1332 is whether the amount in controversy exceeds $75,000.

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks and citation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91.

Here, the face of the complaint claims only $14,630.91 in past due child support. (Notice Ex. B, at 1.) As the removing party, Respondent must establish that the amount in controversy exceeds $75,000. Respondent contends that evidence in the Complaint demonstrates that "the amount in controversy more likely than not exceeds $75,000 based on Petitioner's claims, alleged injuries and the recovery sought." (Notice ¶¶ 10-11.) However, the only evidence offered in support of the amount in controversy is Petitioner's claim of $14,630.91 and Respondent's acknowledgment of $14,630.00 as "Money Demanded in Complaint." (Notice Ex. B, at 1, 7.) Thus, Respondent's allegations are conclusory.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 13-02615 SJO (MRWx)</u>  DATE: <u>June 11, 2013</u>

Consistent with the Ninth Circuit's strict construction of 28 U.S.C. § 1441, where there is any doubt with respect to removal, the Court must reject federal jurisdiction. *See Gaus*, 980 F.2d at 566. Here, Respondent has failed to establish by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

For the foregoing reasons, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

    C.    <u>Civil Rights Removal</u>

Respondent attempts to remove the instant action under 28 U.S.C. § 1443. (Notice ¶ 16.) Section 1443 provides that a defendant in a civil action in state court may remove the action to the federal district court encompassing that state court if (1) a defendant cannot enforce in the state courts "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443.

Petitioner's civil action against Respondent is an action to collect alleged child support debt from Respondent and does not concern her civil rights. (Notice Ex. B, at 1.) Therefore, § 1443 does not apply to this case. Furthermore, § 1443 allows removal for actions against defendants who cannot enforce their civil rights. Here, Petitioner's action is against Respondent, a citizen of the United States who is able to enforce her civil rights in Arizona state court. (Notice ¶ 2.) Finally, actions under § 1443 must be removed "to the district court of the United States for the district and division embracing the place wherein [the action] is pending." However, the federal district court embracing the Superior Court of Arizona in Maricopa County is the United States District Court for the District of Arizona, and not this Court.

For the foregoing reasons, the Court does not have removal jurisdiction under 28 U.S.C. § 1443.

III.    <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of Arizona in Maricopa County and **DENIES AS MOOT** Respondent's Motion to Quash Arrest Warrant.

IT IS SO ORDERED.

```
                                        cc: order, docket, remand
                                        letter to Maricopa County
                                        Superior Court, Mesa,Arizona
                                        No. FC 2009-093110
```